IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LORI LANE, as the Administratrix for the     )
Estate of Edward Allen Lane, III,            )
                                             )
                    Plaintiff,               )
                                             )
v.                                           )   CIVIL ACTION NO. 2:13-cv-280-WHA
                                             )              (WO)
BULLOCK COUNTY CORRECTIONAL                  )
FACILITY, et al.,                            )
                                             )
                    Defendants.              )

## ORDER

This case is before the court on a Motion to Dismiss (Doc. #11) filed by the Alabama

Department of Corrections ("ADOC"), the Bullock County Correctional Facility ("Bullock CF"),

and the Limestone Correctional Facility ("Limestone CF").[1]

On April 23, 2013, Plaintiff Lori Lane ("Lane") filed a Complaint (Doc. #1) as

Administratrix of the Estate of Edward Allen Lane, III ("the Decedent").  The Complaint,

---

[1] Also named as Defendants in this case are Correctional Medical Services, Inc., Dr.
Siddiq, and N. Walton.  An Answer (Doc. #14) was filed by Corizon Health, Inc. f/k/a
Correctional Medical Services, Inc., Tahir Siddiq, M.D., and Nicholene Walton (referred to
jointly in the Answer as the "Medical Defendants.").

The Complaint also names as Defendants M. Buck, Rebecca Stough, and S. Garrison.
The file shows no perfected service on these named Defendants, and no responsive pleading has
been filed on their behalf.

Further, the Complaint names John Doe I and II, John Doe III and IV, and John Doe IV
and V as Defendants.

When the court uses the term "the Defendants" in this Order, it is used to refer only to the
three moving Defendants.

brought under 42 U.S.C. § 1983, the Alabama Medical Liability Act, § 6-5-480 and § 6-5-540, and Alabama common law, alleges various claims arising from the death of the Decedent.  The ADOC, Bullock CF, and Limestone CF move to dismiss all claims against them based on sovereign immunity under the Eleventh Amendment and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Lane filed her Response (Doc. #17) on June 6, 2013, and the ADOC, Bullock CF, and Limestone CF replied on June 12, 2013 (Doc. #19).

### III.  **FACTS**

The factual allegations of the Plaintiff's Complaint are as follows:

On or about October 28, 2010, the Decedent was diagnosed with Hepatitis C while confined in the Bullock County Correctional Facility.  He was prescribed medications to treat his condition.  The Decedent was then transferred to the Limestone Correctional Facility and later to a hospital.

The facilities where the Decedent was confined had knowledge of his condition and the proper medications to treat it—specifically, the Decedent was supposed to receive Ribavirin by pill twice per day and an Interferon injection once per week.  However, the officials at those facilities either failed to administer the Decedent's medications on a regular basis or failed to administer them at all.  The Decedent died on April 25, 2011.

### IV.  **DISCUSSION**

The submissions of the Plaintiff as well as the ADOC, Bullock CF, and Limestone CF in this matter are insufficient for the court to address the issues sought to be raised.  First, the Complaint is deficient in describing the Plaintiff's theory of liability against the Defendants.  This is apparent when comparing the Complaint with the Plaintiff's Response to the Motion to Dismiss.  While the Plaintiff argues in brief that she can prove a theory of liability as against the

ADOC, Bullock CF, and Limestone CF which would not be barred by sovereign immunity, the Complaint does not contain any such theory of liability.  If Lane contends that each Defendant can be held liable under a theory which is not barred by sovereign immunity, she must plead it.

In addition, in Lane's Response to the Motion to Dismiss, she contends that "these Defendants cannot now show beyond a doubt that the Plaintiff cannot prove [her theory of liability] under any set of circumstances," and therefore the Motion to Dismiss should be denied. (Doc. #17).  The standard that a plaintiff must meet to survive a motion to dismiss is not whether a defendant can show "beyond a doubt" that the plaintiff's claims will fail.  To survive a motion to dismiss, while a complaint need not contain "detailed factual allegations," the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  For the allegations in a complaint to be plausible, they must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court will strike the Complaint in this case, and require Lane to file an Amended Complaint with allegations that conform to the correct standard for stating a claim against each Defendant named therein.  The Amended Complaint must conform to the requirements of Local Rule 15.1.

The Motion to Dismiss filed by the ADOC, Bullock CF, and Limestone CF is also deficient.  These Defendants submitted a three-page document with no attached brief and with minimal explanation or support for their arguments.  What arguments the Defendants did state were overly general, such as their contention that the Complaint does not state a claim upon which relief can be granted, which contained nothing more than a single statement.  In addition, the Eleventh Amendment immunity discussion did not clarify whether Bullock CF and Limestone CF are state or county facilities, a distinction that is material to their argument for

immunity.  The Complaint alleges in paragraph 11 that the ADOC, Bullock CF, and Limestone

CF are "county and/or state" correctional facility agencies, but the Defendants did not aver their

proper designations in their Motion to Dismiss.  The court will deny the Motion as moot in view

of the striking of the Complaint, but if the Defendants choose to file another Motion to Dismiss

after the Plaintiff submits her Amended Complaint, the Defendants must also file a detailed brief

setting out their arguments for dismissal in full.

## V.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

(1)  The Complaint (Doc. #1) is STRICKEN, and the Plaintiff is DIRECTED to file an

Amended Complaint conforming with this Order no later than July 12, 2013.

(2)  The Motion to Dismiss (Doc. #11) is DENIED as moot.

DONE this 28th day of June, 2013.


 /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE