IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LORI LANE, as the Administratrix for the Estate of Edward Allen Lane, III, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIVIL ACTION NO. 2:13-cv-280-WHA (WO) |
| BULLOCK COUNTY CORRECTIONAL FACILITY, et al., ) ) ) ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  FACTS AND PROCEDURAL HISTORY**

This case is before the court on a Motion to Dismiss the Plaintiff's First Amended Complaint (Doc. #25) filed by the Alabama Department of Corrections ("ADOC"), the Bullock County Correctional Facility, and the Limestone Correctional Facility (collectively "the Defendants").[1]

On April 23, 2013, Plaintiff Lori Lane filed a Complaint (Doc. #1) as Administratrix of the Estate of Edward Allen Lane, III.  The Defendants moved to dismiss all claims against them based on sovereign immunity under the Eleventh Amendment and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  The court did not have enough information to determine whether the suit should be dismissed, and, finding both the Complaint and Motion to

---

[1] An Answer (Doc. #29) to the First Amended Complaint was filed by Defendants Corizon Health, Inc. f/k/a Correctional Medical Services, Inc., Tahir Siddiq, M.D., and Nicholene Walton.

Dismiss to be deficient, struck the Complaint, denied the Motion to Dismiss as moot, and allowed the Plaintiff to file an Amended Complaint. (Doc. #20).

The Plaintiff filed a First Amended Complaint on July 15, 2013, and the instant Motion to Dismiss was filed in response.   One point of uncertainty in the original Complaint was whether the Limestone Correctional and Bullock County Correctional Facilities are state or county entities.    The Plaintiff now acknowledges that they are state entities. (Doc. #30 at p.1, 3-4).

For reasons to be discussed, the Motion to Dismiss is due to be GRANTED.

## II.  MOTION TO DISMISS STANDARD

In analyzing a motion to dismiss, the court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).   In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief.   *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).   "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).    To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face."  *Id.* at 555, 570.   The factual allegations  "must be enough to raise a right to relief above the speculative level."  *Id*. at 555.

### III. DISCUSSION

The Plaintiff has attempted to allege a policy or custom as a basis for liability against the state entity Defendants. The policy or custom theory relied on by the Plaintiff applies to local, not state, governments. *See, e.g., Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978).

"[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Alabama has not waived its Eleventh Amendment immunity, and Congress has not abrogated Alabama's immunity in section 1983 cases. *See Carr v. City of Florence*, 916 F.2d 1521, 1525 (11th Cir.1990) (citations omitted). Therefore, the claims against the Alabama Department of Corrections, Bullock County Correctional Facility, and Limestone Correctional Facility, which are claims against a State and two of its agencies, are due to be DISMISSED. *See, e.g., Jones v. Allen*, No. 2:09cv597-MHT, 2012 WL 4378108, at \*6 (M.D. Ala. Sept. 7, 2012) (dismissing claims considered to be against Bullock County Correctional Facility on the basis of Eleventh Amendment immunity); *McMiller v. Smith*, No. 5:10cv3255-CLS-JEO, 2012 WL 3150074, at \*4 (N.D. Ala. July 3, 2012) (dismissing claims considered to be against Limestone Correctional Facility on the basis of Eleventh Amendment immunity).

The Defendants have also moved to dismiss state law claims against them on the basis of sovereign immunity, and to dismiss fictitious Defendants.[2] The Plaintiff has not responded to the Defendants' immunity arguments regarding the state law claims or argument regarding the

---

[2] Although the caption of the First Amended Complaint does not contain fictitious parties, the Plaintiff references such parties in the body of the First Amended Complaint.

propriety of the fictitious defendants.   The Plaintiff having voiced no grounds in opposition to dismissal, the state law claims against the State of Alabama, Bullock County Correctional Facility, and Limestone Correctional Facility, and any fictitious defendants, are due to be DISMISSED.

### IV.  CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1.  The Motion to Dismiss the Plaintiff's First Amended Complaint (Doc. #25) is GRANTED and all federal and state claims against the Bullock County Correctional Facility, Limestone Correctional Facility, and the Alabama Department of Corrections are DISMISSED, and they are DISMISSED as party Defendants.

2. Any fictitious parties referred to in the First Amended Complaint are also DISMISSED.

DONE this 21st day of August, 2013.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE