IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LORI LANE, etc. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NO. 2:13-cv-280-WHA |
| CORRECTIONAL MEDICAL ) | (WO) |
| SERVICES, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**<u>ORDER</u>**

In the original Complaint and the First Amended Complaint filed in this case, subject-matter jurisdiction of this federal court was based on federal-question jurisdiction over the § 1983 federal claim and supplemental jurisdiction over the related state-law claims pursuant to 28 U.S.C. § 1367(a).

On August 21, 2013, the court granted a motion to dismiss the federal claim and all state-law claims against certain Defendants (Doc. # 32), leaving the case pending against these Defendants on state-law claims only.

On November 4, 2013, the Plaintiff filed a Motion for Leave to File a Second Amended Complaint. The proposed Second Amended Complaint contained only state-law claims and based jurisdiction on diversity of citizenship, but with no specific allegations as to the citizenship of the parties. (Doc. # 37).

In response to the Plaintiff's Motion, the court entered an Order (Doc. # 38) directing the Plaintiff to submit either a revised proposed Second Amended Complaint setting forth sufficient factual allegations to establish federal diversity subject-matter jurisdiction or a statement that federal diversity jurisdiction does not exist.

The Plaintiff has now filed a Response (Doc. # 39) stating that the parties agree that diversity jurisdiction does not exist and further stating that the parties are in agreement that the case should be remanded to Limestone County Circuit Court. The problem with that, however, is that the case is not in this court by removal from the Circuit Court of Limestone County, or from any other state court, but the case was originally filed in this federal court. For that reason, this court has no legal authority to remand this case to a state court as requested.

This leaves the case before the court at this time on the First Amended Complaint, with only state-law claims against certain Defendants, and with supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a), after the court's earlier dismissal of the only federal claims over which it had original jurisdiction. This brings into play the provision of 28 U.S.C. § 1367(c)(3).

Section 1367(c)(3) provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if […] the district court has dismissed all claims over which it has original jurisdiction." *See Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1568–69 (11th Cir. 1994) (noting the section and discussing analysis to be used in exercising the court's discretion).

An important factor for the court to consider in determining whether to keep or dismiss this case is whether the state-law claims would be barred by the state statute of limitations. It appears that they would be, except for the important saving provision of 28 U.S.C. § 1367(d)—

2

"[t]he period of limitations for any claim in the same action asserted under subsection (a) […] shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer period." Because of that, the Plaintiff would be able to re-file these state-law claims in an appropriate state court within 30 days, if the court declines to exercise § 1367(a) supplemental jurisdiction over the remaining claims.

The court then applies the appropriate analysis of other factors to be considered, i.e. "the values of judicial economy, convenience, fairness, and comity." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). The litigation is in its relatively early stages, and neither the values of economy nor convenience would be disserved by dismissing the case for re-filing in state court. Furthermore, fairness appears to support dismissing the action without prejudice, with neither party asserting that this court would have had original jurisdiction as it now stands. Finally, comity suggests that the state courts of Alabama should be allowed to interpret and apply Alabama legal issues, as these are the only remaining issues.

For these reasons, the court finds that it has supplemental jurisdiction over the remaining state-law claims but declines to exercise that jurisdiction, and it is ORDERED as follows:

1. Plaintiff's Motion to Amend is DENIED.

2. This case is DISMISSED without prejudice, subject to the right of the Plaintiff to re-file the remaining state-law claims in state court within 30 days from the date of this ORDER, pursuant to 28 U.S.C. § 1367(d).

3. Costs are taxed as paid.

DONE this 15th day of November, 2013.

      /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE